IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| Edward Felix Cason, #300687, | ) | |
|---|---|---|
| | ) | Civil Action No. 5:11-1555-JMC-KDW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Campbell Pre-Release Center, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Edward Felix Cason ("Petitioner" or "Cason"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 15, 16. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 17. Petitioner filed a response in opposition to Respondent's motion. ECF No. 22. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment be granted.

I.  Procedural History

Petitioner is currently confined in the Campbell Pre-Release Center of the South Carolina Department of Corrections (SCDC), as the result of his Dorchester County conviction and sentence. In March 2003, the Dorchester County Grand Jury indicted him for two counts of distribution of cocaine (03-GS-18-0151 & -152). App. 251-52.¹ Glenn Walters, Esquire,

---

¹ Citations to "App." refer to the Appendix for Writ of Certiorari as to Petitioner's claim for collateral relief in the state courts of South Carolina, which is available at ECF Nos. 15-1

represented Petitioner on these charges. On March 17, 2004, Petitioner received a jury trial on one of the distribution charges, 03-GS-18-0152, before the Honorable Deadra L. Jefferson. App. 1-168. The jury found him guilty as charged. App. 172-73. Petitioner thereafter pleaded guilty to a first offense on the remaining distribution charge, 03-GS-18-0151. App. 180-91. Judge Jefferson sentenced him to concurrent sentences of ten years imprisonment.[2] App. 193-94.

Petitioner timely served and filed a notice of appeal of the convictions, App. 246, and Assistant Appellate Defender Eleanor Duffy Cleary represented him on appeal. On July 12, 2005, Ms. Cleary filed a Final *Anders* Brief of Appellant on Petitioner's behalf,[3] and petitioned to be relieved as counsel. ECF No. 15-5. The Statement of Issue on Appeal presented the following issue for review:

> Whether the trial court erred in refusing to direct a verdict in appellant's favor?

*Id.* at 4. Petitioner thereafter filed his "Pro Se Brief of Appellant," in which he presented a virtually identical issue:

> Whether the trial court abused its' (sic) discretion [by] denying my motion for [a] directed verdict on distribution of cocaine when the state's evidence was insufficient beyond a reasonable doubt. Not corroborating the confidential informants on all elements of [the] offense missing the element or component of reliable (reliability) and was granted immunity as the instigator of the offense.

---

through 15-3 in this habeas matter. Page number references are to the pages as numbered in the Appendix.

[2] Judge Jefferson also revoked an unrelated five-year probationary sentence under the Youthful Offender Act, at a hearing on March 18, 2004. She found that Petitioner had willfully violated several terms and conditions of his probation, and she ordered that the probation sentence be revoked in full. She further ordered that this was concurrent to the charges for which he had been sentenced the previous day. App. 197-99.

[3] *See Anders v. California*, 386 U.S. 738 (1967).

ECF No. 15-6 at 4.

On January 25, 2006, the South Carolina Court of Appeals affirmed Cason's conviction in an unpublished opinion. *State v. Cason,* 06-UP-055 (S.C. Ct. App., Jan. 25, 2006), ECF No. 15-7. Cason filed a timely Petition for Rehearing. ECF No. 15-8. On rehearing, the Court of Appeals withdrew its original opinion and re-filed a substituted opinion on March 28, 2006, dismissing Petitioner's direct appeal. *State v. Cason,* 06-UP-055 (S.C. Ct. App., re-filed Mar. 28, 2006), ECF No. 15-10. The Court of Appeals issued its Remittitur to the Dorchester County Clerk of Court on May 2, 2006. ECF No. 15-11.

Petitioner filed a pro se Post-Conviction Relief (PCR) Application (06-CP-18-1242) on July 31, 2006. App. 202-09. He alleged the following grounds for relief in his Application:

1. Trial counsel was ineffective for failing to file a *Brady*[4] motion.

2. Trial counsel was ineffective for failing to investigate the identification.

3. Trial counsel was ineffective for failing to interview a witness.

*Id.* The State filed its Return on May 16, 2007. App. 210-13.

The Honorable Perry M. Buckner conducted an evidentiary hearing into the matter on November 5, 2007. App. 214-39. Charles T. Brooks, III, Esquire, represented Petitioner and Assistant Attorney General Lance S. Boozer represented the State. Petitioner's trial counsel, Mr. Walters, and Petitioner testified at the hearing.

On December 11, 2007, Judge Buckner filed an Order of Dismissal with Prejudice. App. 241-45. Specifically, the PCR court issued the following findings of fact and conclusions of law:

> Applicant alleges counsel was ineffective for failing to interview witnesses. Specifically, Applicant testified counsel should have interviewed his wife.

---
[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

3

Applicant further alleged his wife would have provided an alibi witness at trial. Applicant further alleged he did not review discovery prior to the trial and counsel told him he had to turn down the plea offer to receive discovery. Applicant also testified he was forced to go to trial.

Counsel testified he spoke with Applicant on numerous occasions regarding the case and the plea offer. Counsel indicated he did receive the State's evidence pursuant to a Rule 5 motion. Counsel indicated the State had a videotape of the transaction and counsel testified he reviewed all evidence with Applicant prior to trial. Counsel also stated that he discussed with Applicant possible defenses to the charges against him. Counsel further testified he and Applicant discussed a possible alibi defense, however, counsel indicated the video showed Applicant being present at the crime. Counsel further testified that he interviewed Applicant's witnesses and advised the witness of the penalties associated with perjured testimony. Counsel stated the confidential informant's testimony was very compelling in convicting Applicant.

This Court finds Counsel's testimony was credible. This Court further finds that the Applicant's testimony was not credible. This Court also finds that Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Counsel received and reviewed the evidence with Applicant prior to trial. Counsel also discussed possible defenses with Applicant and properly interviewed possible witnesses. This Court finds it was Applicant's decision to proceed to trial. This allegation of ineffective assistance of counsel is denied.

However, even if Applicant has proven the first prong of the Strickland test that his counsel's representation was deficient, he must further prove the second prong, that because of this deficiency there is reasonable probability that counsel's deficient conduct prejudiced the outcome of the Applicant's trial. This Court finds that Applicant has failed to prove the second element of Strickland requiring prejudice. Therefore, Applicant has failed to show prejudice. This allegation of ineffective assistance of counsel is denied.

## CONCLUSION

This Court finds and concludes that Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post-conviction relief must be denied and dismissed with prejudice.

App. 244-45.

Petitioner timely served and filed a notice of appeal on December 12, 2007. App. 246. Deputy Chief Appellate Defender Wanda H. Carter represented him in collateral appellate proceedings. On May 30, 2008, Ms. Carter filed a *Johnson* Petition for Writ of Certiorari[5] on Cason's behalf and petitioned to be relieved as counsel. The *Johnson* Petition raised the following issue:

> Trial counsel erred in failing to obtain all discovery materials prior to plea negotiations in the case so that he could properly advise petitioner as to whether he should accept or reject the plea offer presented by the state.

ECF No. 15-12 at 3. Petitioner did not file a pro se response.

The South Carolina Supreme Court filed an Order denying certiorari and granting counsel's petition to be relieved on December 4, 2008. ECF No. 15-13. The court remitted the matter to the Dorchester County Clerk of Court on December 22, 2008. ECF No. 15-14.

On June 21, 2011,[6] Petitioner filed this federal habeas action raising the following ground for relief:

> **GROUND ONE**: (Blank)
> **Supporting Facts**: Appellant was charged for dist. ($50.00) worth of cocaine to a woman whom the police used as a confidential informant in exchange for leniency with her drug charges. The police taped the alleged transaction. However, at trial the police officer admitted that the tape did not show a transaction and that he did not see a transaction, ROA p. 66, lines 13-14. The only

---

[5] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). *Johnson* sets forth the procedures for counsel to follow when filing meritless appeals in state PCR cases pursuant to *Anders*, 386 U.S. 738. *Contra Pennsylvania v. Finley*, 481 U.S. 551 (1987) (prisoner, who had no equal protection or due process right to appointed counsel in post-conviction proceedings, also had no right to insist on *Anders* procedures for withdrawal of appointed counsel when collateral counsel determined direct appeal was frivolous).

[6] There is not a prison mailroom stamp on the envelope containing the Petition. ECF No. 1-1. Although the court received Petitioner's § 2254 Petition on June 24, 2011, the postmark date on the envelope is June 21, 2011. Therefore, the undersigned is using the postmark date as the filing date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (holding document considered filed upon delivery to prison officials for forwarding to court).

> testimony the State use to convict applicant was the testimony of the drug using (C.I.) who did not have corroborating testimony about who she bought the drugs from at its location. (She also testified that she will lie and do anything to get out of trouble). See Tr. Tran.

ECF No. 1 at 6.

    II.      Applicable Law

        A.      Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed

by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Habeas Corpus Standard of Review

#### 1. Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

      b.  Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in

state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

III. Discussion

Respondent contends that this habeas petition is barred by the statute of limitations. The undersigned agrees. The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *Rouse v. Lee*, 339 F.3d 238, 243 (4th Cir. 2003). The federal time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)). Further, a "properly filed application for State post-conviction relief" will toll the time for filing. 28 U.S.C. § 2244(d)(2).

The record shows that Petitioner's federal habeas petition was not timely filed. Petitioner appealed his state court conviction, which the South Carolina Court of Appeals dismissed. ECF No. 15-10. After Petitioner sought rehearing, the Court of Appeals withdrew its original opinion and refiled a substituted opinion on March 28, 2006. ECF No. 15-10. Any petition for certiorari would have been due by April 27, 2006. *See* Rule 242(c), SCACR (requiring petition for certiorari be filed "within thirty (30) days after the petition for rehearing or reinstatement is finally decided by the Court of Appeals."). The Court of Appeals issued its remittitur on May 2, 2006. ECF No. 15-11.

Petitioner subsequently filed a PCR application on July 31, 2006, which tolled the one-year period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Petitioner's PCR action ended when the South Carolina Supreme Court issued its remittitur on December 22,

2008. *See* ECF No. 15-14. However, Petitioner did not file the instant action until June 21, 2011, some two-and-one-half years later. Clearly, Petitioner's habeas petition is untimely.

The court has also considered whether there was any reason the statute of limitations should not bar Petitioner's Petition and finds no such reason. The standard habeas petition form requests information in Question 18 pertaining to the timeliness of the petition, as follows: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of § 2244(d). In response to Question 18, Petitioner stated the following:

> Applicant petition relief from the higher courts because the fact can prove his "ACTUAL INNOCENCE." Its clear and convincing evidence of prejudice and miscarriage of justice in that no testimony or exhibits put Applicant at the crime and keeping him imprison creates a miscarriage of justice. Furthermore, Applicant is ignorant of the law of the Appeal process, therefore, he did not know the proper avenue of seeking further relief.

ECF No. 1 at 13.

"Claims of actual innocence are often used to attempt to satisfy the 'miscarriage of justice' exception to a procedural default." *Frederick v. McCabe*, No. 9:11-cv-00211-RBH, 2011 WL 6026611, at *3 (D.S.C. Dec. 5, 2011) (citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995)). In the context of a petition barred by the statute of limitations, a question exists as to whether an "actual innocence" exception is viable. *Compare Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (finding that the one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence) *with Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (permitting equitable tolling for strong showing of actual innocence). The Fourth

Circuit has not specifically addressed the issue of whether an actual innocence exception to the one-year limitations period exists.

A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. A habeas petitioner is required to "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id*. at 327 (quoting *Murray v. Carrier*, 477 U.S. at 496). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice." *Id.* Here, Petitioner has presented no new evidence that supports his allegation of actual innocence.[7] Therefore, his "miscarriage of justice" claim does not excuse his failure to comply with the one-year statute of limitations.

Petitioner also argued he is entitled to equitable tolling because he "is ignorant of the law of the Appeal process." The Fourth Circuit has found that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *Sosa*, 364 F.3d at 512. Petitioner cannot use his ignorance of the appeals process to excuse his over-two-year delay in seeking a writ of habeas corpus.

---

[7] In Petitioner's Response to Summary Judgment, he refers to his attempts to obtain a copy of the search warrant for the property where the drug crime was committed, asserting that the warrant will show that the officers were looking for a different person. ECF No. 22 at 2. Even if considered new evidence, Petitioner has not provided any information that would connect the search warrant with his arrest and subsequent conviction, or demonstrate that, because the search warrant named a different individual, Petitioner is innocent of the charges.

In the proper circumstances, the principles of equitable tolling may excuse a Petitioner's failure to comply with the strict requirements of a statute of limitations. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse*, 339 F.3d at 246). Here, Petitioner does not argue any circumstances that would allow the application of equitable tolling to avoid the limitations bar. Accordingly, this action should be dismissed as it is barred by the statute of limitations.

III. Conclusion

Accordingly, for the foregoing reasons, the court recommends that Respondent's Motion for Summary Judgment, ECF No. 16, be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

June 22, 2012                                                  Kaymani D. West
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**